SIOUX FALLS SAVINGS BANK, Appellant, v. PRIDGEON et al., Respondents.

(210 N. W. 984.)

(File No. 5402.    Opinion filed December 6, 1926.)

1. **Bills and Notes—Evidence Held Insufficient to Show that Bank, Holder of Note, Knowingly Received Proceeds of Mortgaged Sheep, Constituting Payment of Note Secured by Mortgage.**

    Evidence showing that sheep, covered by chattel mortgage securing note sued on, had been sold and proceeds credited to bank, whose officer was original payee, which bank later gave plaintiff bank, holder of note, credit memo for different amount, held insufficient to show that plaintiff had knowingly received proceeds of mortgaged sheep and wrongfully applied it to claim other than note sued on.

2. **Principal and Agent—Under Evidence, Neither Bank Nor Its President Were Plaintiff's Agents for Collection of Note.**

    Under evidence, neither president of bank, who was payee of note, nor that bank, three of whose officers were endorsers, were agents for plaintiff bank for collection.

    Polley and Sherwood, JJ., dissenting.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Bills and notes, Key-No. 527(2), 8 C. J. Sec. 1365; (2) Principal and agent, Key-No. 123(10), Agency, 2 C. J. Sec. 727.

Appeal from Circuit Court, Butte County; Hon. James Mc-Nenny, Judge.

Action by the Sioux Falls Savings Bank, a corporation, against Wililam Pridgeon and others. From a judgment for plaintiff against defendant named, but dismissing his cause of action against the other defendants, and from an order overruling its motion for a new trial, plaintiff appeals. Reversed and remanded with directions.

*Norman B. Bartlett*, of Sioux Falls, and *W. C. Welsh*, of Aberdeen, for Appellant.

*J. W. Malvin,* of Bellefourche, for Respondent Foraker.

*Dan McCutcheon,* of Bellefourche, for Respondent Karinen.

CAMPBELL, J. On November 1, 1919, defendants Clary, Foraker, and Karinen were officers of Fruitdale Bank at Fruitdale, S. D.; defendant Clary being the active managing officer thereof. The Fruitdale State Bank and plaintiff bank were correspondents. On that date defendant, Pridgeon, gave his promissory note to the order of defendant Clary for $2,500, with interest at 10 per cent. payable July 1, 1920, at Fruitdale State Bank. The note was secured by chattel mortgage from Pridgeon to Clary covering certain cattle and sheep. Shortly thereafter the defendants Clary, Foraker, and Karinen indorsed the note in the following form:

"For value received, I, or we, hereby guarantee the payment of the within note, at maturity, waiving protest and notice of same. Fred M. Clary. H. G. Foraker. Louis Karinen."

And the note so indorsed was sold to plaintiff bank for value, and the chattel mortgage securing the same was assigned. It does not appear that defendant Pridgeon was notified of the negotiation of the note or of the assignment of the mortgage.

The note shows an indorsement of $913.82 on the principal under date of December 30, 1920, and in April, 1922, plaintiff brought suit against the defendants upon the note and the indorsement thereof to recover the balance due upon the principal in the amount of $1,586.18, together with interest thereon at 10 per cent. per annum from and after December 30, 1920, and interest upon $2,500 at 10 per cent. per annum from November 1, 1919, to December 30, 1920. The record does not disclose how or by whom the payment of $913.82 was made. The defendant Clary appears not to have been served. The other defendants pleaded payment.

At the close of the testimony, all parties moved for directed verdict. The court granted plaintiff's motion as to the defendant Pridgeon, and directed a verdict in favor of plaintiff and against Pridgeon as prayed in the complaint. The court, however, denied plaintiff's motion as to the defendants Foraker and Karinen; and granted their respective motions to direct in their favor against plaintiff. Pursuant to such directed verdicts, judgment was en-

tered for plaintiff's recovery as prayed in the complaint against Pridgeon and dismissing plaintiff's cause of action as against Foraker and Karinen. From so much of the judgment as decrees that plaintiff take nothing as against the defendants Foraker and Karinen, and from the order overruling its motion for a new trial, plaintiff has appealed.

[1] It is the contention of Foraker and Karinen, the respondents here, that appellant knowingly received the proceeds of the sale of sheep, mortgaged as above set out, to secure the $2,500 Pridgon note, and wrongfully applied the same to other indebtedness due from Pridgeon and owned by appellant, by reason of which, so far as respondents are concerned, the $2,500 note must be considered as paid, and they relieved from any liability by reason of their indorsement.

It appears from the evidence that Clary at the Fruitdale bank told Pridgeon to sell his sheep shortly after the $2,500 note became due. Pridgeon testifies:

"Mr. Clary told me that they must have the money. I had no other way of paying it, so I shipped them."

By the word "they" above, Pridgeon must have understood Clary to refer either to Clary himself and the indorsers of the note or to the Fruitdale State Bank, for he makes no claim that Clary purported in any way to represent the appellant bank, and states that he never had any directions for sale from the appellant bank, and that he did not know that he owed the appellant bank, but supposed Clary was ordering the property sold to pay himself. In any event, after this conversation between Pridgeon and Clary, the sheep, or some of them, covered by the mortgage securing the $2,500 note, were sold by a commission firm in Omaha on August 9, 1920, the net proceeds being $3,238.72, which amount the commission firm deposited at the Packers' National Bank in Omaha to the credit of Fruitdale State Bank. It appears inferentially, perhaps, but not clearly, from the record, that appellant bank had previously rediscouted either for Clary or for the Fruitdale State Bank another note given by Pridgeon in the amount of $3,500, which note appellant still held and owned. On September 28, 1920, the Fruitdale State Bank sent to appellant bank a credit memo showing that the Fruitdale bank had that day

35—Vol. 50, S. D.

credited the account of appellant bank with the sum of $3,611.22 and the explanation shown by the credit memo was as follows:

Pridgeon ....................................................$3,500.00
Note Dis. ................................................   111.22

Total credits ........................................$3,611.22

The evidence entirely fails to trace all or any part of the credit of $3,238.72 given to the Fruitdale bank on August 9, 1920, on the books of the Packer's National Bank of Omaha into this credit memo of $3,611.22 issued by the Fruitdale State Bank to appellant bank a month thereafter. So far as the record in this case shows, the sum of $3,238.72 credited to the Fruitdale bank by the Omaha bank, representing the proceeds of the sale of these sheep, may still be standing to their credit in Omaha. The amount of the credit memo of September 28 exceeds the amount received from the sale of the sheep, and exceeds by nearly $1,000 the amount which would be due on the $2,500 secured Pridgeon note. There is a very strong inference from the record that this amount of $3,611.72 covered by the credit memo of September 28, was the exact amount then due on the other note of Pridgeon's for $3,500, which appellant would appear to have owned and held as a rediscount for Clary or the Fruitdale bank. The president of appellant bank testified without dispute that neither he nor his bank at any time knew the source from which the Fruitdale State Bank's credit memo of September 28 came. One Roberts, who was cashier of the Fruitdale State Bank at the time of the issuance of the credit memo, testifies that he did not notify appellant bank from what source that money came, and that he finds no records in the Fruitdale State Bank indicating that Mr. Clary notified appellant bank of the source of that credit, and that there is nothing within his personal knowledge or the records of the Fruitdale bank that shows or indicates in any way that appellant bank knew the source of that credit memo. There is in this case an utter failure of proof that the credit memo of September 28 did in fact represent all or any part of the proceeds of the sale of the sheep, and if, as a matter of fact, it did represent the sheep money, then there is a further failure to prove that appellant bank had knowledge of that fact or any reason to know that fact.

[2]   Respondents contend that Clary was the agent of appellant bank for the collection of the $2,500 note. Appellant never sent the note to Clary or the Fruitdale bank for collection, and it does not appear that the note was ever at the Fruitdale bank after appellant purchased it. The president of appellant bank testified:

"Mr. K. B. Cressey, is cashier of our bank. I don't know whether he at any time wrote the Fruitdale bank to have their clients clean up their obligations, but I presume he has. We had to write all of them."

And further testified:

"Q. Didn't you people write out and ask Mr. Clary to have these Pridgeon papers cleaned up? A. I wouldn't deny it.

"Q. This letter which I show you from your cashier was an order practically to that effect, was it not? A. Yes, sir."

The letter referred to was not offered in evidence. It does not appear whether the letter was addressed to the Fruitdale bank or to Clary. Three officers of the Fruitdale bank were indorsers on the Pridgeon note. Certainly it is not unusual for the holder of a note to write to the indorsers thereof that the paper must be cleaned up, and surely it cannot be seriously contended that the evidence in this case is sufficient to establish any agency for collection as between appellant bank and Clary or the Fruitdale State Bank.

Upon the record before us, it is manifest that the court erred in denying appellant's motion for directed verdict against the respondents, and the portion of the judgment appealed from and the order denying new trial are reversed, and the cause remanded, with directions to enter judgment in favor of the appellant and against the respondents Foraker and Karinen, and each of them, as prayed in the complaint.

POLLEY and SHERWOOD, JJ., dissent.